AO 248 (Rev. 08/20) ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/1/2020

UNITED STATES OF AMERICA

v.

Dominique Woods

Case No. 1:16-cr-321

ORDER ON MOTION FOR
SENTENCE REDUCTION UNDER
18 U.S.C. § 3582(c)(1)(A)

(COMPASSIONATE RELEASE)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

  ☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

  ☐ Time served.

If the defendant's sentence is reduced to time served:

  ☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made,

and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel.  There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of _____ months (not to exceed the unserved portion of the original term of imprisonment).

  ☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

  ☐ The conditions of the "special term" of supervision are as follows:

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing.  The court DIRECTS the United States Attorney to file a response on or before _____, along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED (Optional)

The Court conducted a complete review of the motion on the merits.  The following summarizes some of the prominent considerations that influenced the Court's decision.  In considering all of the § 3553(a) factors, the Court does not believe that a reduction in the defendant's sentence is warranted.  While the factor related to the need for Mr. Woods to receive medical care arguably weighs somewhat more heavily in favor of a lesser sentence now, the nature of his crime was very serious.  The need for personal deterrence for the defendant remains high:  he was illegally possessed a firearm shortly after his release from prison from another firearms-related offense.  And, unfortunately, the defendant's prior violation of the terms of his supervised release leaves the Court uncertain that the proposed term of home detention will be effective.  The Court's assessment of all of the other § 3553(a) sentencing factors, including the need for general deterrence, all continue to weigh heavily against a modification of his sentence now.  In sentencing Mr. Woods, the Court was very conscious of the admonition of § 3553 to "impose a sentence sufficient, but not greater than necessary" to comply with the purposes of the

statute. The sentence imposed by the Court was appropriate for Mr. Woods at the time and the Court's assessment of the § 3553(a) factors do not yield a different conclusion today, notwithstanding COVID-19 and its complications. Moreover, while the Court is very sympathetic to Mr. Woods' health concerns and the conditions in the BOP, the Court observes that he is in an age cohort that has shown less likelihood of severe adverse consequences from COVID-19. See, e.g., https://data.cdc.gov/NCHS/Provisional-COVID-19-Death-Counts-by-Sex-Age-and-S/9bhg-hcku (Last visited May 25, 2020).

☐ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

IT IS SO ORDERED.

Dated: November 1, 2020

New York, New York

_____
Gregory H. Woods
UNITED STATES DISTRICT JUDGE

4